IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTINA YONG DURAN,<br><br>Defendant. | **ORDER and**<br>**MEMORANDUM DECISION**<br><br>Case No. 2:11-cr-500 CW<br><br>Judge Clark Waddoups |

Now before the court are two motions by Plaintiff Christina Yong Duran to exclude evidence (Dkt. Nos. 22 and 31). The court GRANTS in part, DENIES in part, and RESERVES ruling in part on those motions as follows. The government identified five categories of evidence in its August 8, 2011 disclosure, and Ms. Yong Duran moves to exclude all of that evidence. The court rules as follows as to each type of evidence.

As to category one, production paraphernalia, the court DENIES the motion to exclude. This evidence is not of the type covered by Rule 404(b) of the Federal Rules of Evidence and is intrinsic evidence of the crimes charged.

As to category two, the court DENIES the motion to exclude the notes found in the car and in Ms. Yong Duran's possession at the time of her arrest in this case. The court finds that these notes are intrinsic evidence as to intent.

Also in category two, the government discloses that it will introduce notes found at various Target locations as part of this category. If the government is referring to the notes that

have been charged in this case, the court will not exclude the notes because they are intrinsic evidence. If the notes are not the ones at issue in this case, the court finds that they are evidence covered under Rule 404(b). At this time, however, the court is not in a position to decide whether the disclosure here was timely or whether adequate foundation will be laid to show that they fall within an exception allowed under Rule 404(b). On its face, the disclosure on August 8, 2011 does not seem untimely given that trial begins on August 22, 2011. The court will reserve ruling on this issue, however, until any non-charged notes are offered at trial, since the court cannot discount the possibility that a valid basis to assert untimeliness will be present at that point.

As to category three, it is not clear to the court what the video footage shows. If it shows Ms. Yong Duran passing the notes charged in this case, the footage is intrinsic evidence and will not be excluded. If the footage is of Ms. Yong Duran passing non-charged notes, the court will reserve ruling for the same reasons described above.

As to category four, that Ms. Yong Duran was on a Target "watch list," the court finds that this evidence should be excluded, but not because it is covered by Rule 404(b). Rather, the court finds that this evidence is unduly prejudicial and has little or no probative value.

Finally, with respect to the GPS information, category five, the court will reserve ruling until trial. At this point, the court simply does not have enough information to rule.

If the parties wish to court to reconsider any parts of this ruling, they may argue their positions at the hearing set on this matter on August 17, 2011.

SO ORDERED this 9th day o f August, 2011.

                          BY THE COURT:

                          _____
                          Clark Waddoups
                          United States District Judge